

FILED

MAY 11 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Petitioner,

v.                              Civil Action No. 3:17CV96

DAVID S. CLEMENTS,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Ozelia Hicks, Jr. was convicted in the Circuit Court of Chesterfield County for obtaining money by false pretenses and was sentenced to seven years of incarceration. See Hicks v. Clarke, No. 3:15CV123, 2016 WL 901265, at *1 (E.D. Va. Mar. 3, 2016). By Memorandum Opinion and Order entered on March 3, 2016, this Court denied Hicks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See id. at *9. On February 2, 2017, the Court received from Hicks a submission entitled "NOTICE OF APPEAL," that once again challenges alleged defects in his state criminal proceedings. (ECF No. 1.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks

omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2254 motion from Hicks absent authorization from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A). Hicks cannot avoid that result by styling his present motion as a "NOTICE OF APPEAL." See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton, 359 F.3d at 857 (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Hicks's current "NOTICE OF APPEAL" challenging his state conviction falls squarely within the ambit of 28 U.S.C.

2

§ 2254(a).[1]  See Smith v. Virginia, Nos. 3:12CV148, 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title of the motion" (quoting Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005))).  Hicks has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his state convictions and this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the action will be dismissed for lack of jurisdiction.  Hicks's Motion for Rehearing by Full Court (ECF No. 3) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[1] Hicks once again argues that he experienced ineffective assistance of counsel during his criminal proceedings (Notice of Appeal 4-5 (as paginated by CM/ECF)) and continues to argue that insufficient evidence existed to support his conviction and sentence for obtaining money by false pretenses (id. at 7-8 (as paginated by CM/ECF)).

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Hicks is entitled to further consideration in this matter. A certificate of appealability will be denied.

The Clerk is directed to send Hicks a copy of this Memorandum Opinion.

It is so ORDERED.

<u>                  /s/   *REP*                  </u>
Robert E. Payne
Date: *May 10, 2019*                 Senior United States District Judge
Richmond, Virginia